UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARQUEZ LEVELLE LEWIS, #1142595,

        Petitioner,

v.                                                 ACTION NO. 2:19cv134

HAROLD W. CLARKE,
Director Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on Marquez Levelle Lewis' *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

        **I.**     **STATEMENT OF THE CASE**

Petitioner Marquez Levelle Lewis ("Lewis"), a Virginia inmate, alleges his federal rights were violated when he was convicted, following his guilty plea in the Circuit Court for Henrico County on December 10, 2002, of three counts of robbery, three counts of use of a firearm in the commission of a felony, and one count of possession of a firearm by a convicted felon. ECF No.

1 at 1; ECF No. 13-1. As a result of these convictions, Lewis was sentenced on March 19, 2003, to 143 years in prison with 123 years suspended, and his sentencing order was entered March 24, 2003. *Id.* Lewis did not appeal his convictions. ECF No. 1 at 1–2.

On June 3, 2015, Lewis filed a petition for a writ of habeas corpus in the circuit court, asserting,

> [e]rroneous application of § 18.2-53.1 Code of Virginia led the Trial Court to believe that it was required to run any sentence imposed pursuant to the statute consecutively with punishments received for a crime other than the primary felony.

*Lewis v. Dir., Dep't of Corr.*, No. CL15-1468 (Va. Cir. June 3, 2015); ECF No. 13-2 at 2. The circuit court dismissed the petition as untimely on August 3, 2015. ECF No. 13-2. Lewis did not appeal the dismissal to the Supreme Court of Virginia.

On November 20, 2015, the circuit court vacated the order entered August 3, 2015, and directed the parties to schedule a hearing on the merits of the petition. *Lewis v. Dir., Dep't of Corr.*, No. CL15-1468 (Va. Cir. Nov. 20, 2015). On May 18, 2016, the circuit court determined that "the original August 3, 2015 Final Order entered in this matter remains in effect, and this Court no longer has jurisdiction in this matter." ECF No. 13-3 at 1.

Lewis appealed the order entered May 18, 2016, to the Supreme Court of Virginia, which refused the appeal on January 12, 2017. ECF No. 13-4.

On February 28, 2019, Lewis executed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he filed in this Court on March 20, 2019. ECF No. 1 at 13. Lewis asserts he is entitled to relief because: (1) the trial court erroneously interpreted Virginia Code § 18.2-53.1 to require consecutive sentences with respect to punishments other than the primary felony; and (2) his trial and appellate counsel were ineffective due to their failure to raise the issue addressed in ground (1). ECF No. 1 at 3, 5. On August 21, 2019, respondent filed a Rule

2

5 answer and motion to dismiss with a memorandum in support.[1] ECF Nos. 11–13. Lewis did not respond to the motion. Accordingly, this matter is ripe for review.

## II. ANALYSIS

### A. Lewis' federal habeas petition is barred by the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(1)(B), (d)(2).

Lewis' judgment became final on April 23, 2003, when the time for appealing his convictions to the Court of Appeals expired without Lewis filing an appeal. *See* Va. Sup. Ct. R. 5A:6(a) (providing that a notice of appeal must be filed "within 30 days after entry of final judgment or other appealable order"). Absent tolling, Lewis' one-year federal limitations period began to run on April 23, 2003, and expired on April 23, 2004.

---

[1] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Lewis with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 14.

B. **Lewis' federal petition is not entitled to a belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B).**

Lewis argues that he could not have raised the grounds for his federal petition until after the Supreme Court of Virginia decided *Brown v. Commonwealth* in 2012. ECF No. 1 at 12; *see Brown v. Commonwealth*, 733 S.E.2d 638 (Va. 2012). *Brown* overruled the precedent established by *Bullock v. Commonwealth*, 631 S.E.2d 334, 343 (Va. App. 2006), that multiple sentences for violations of Va. Code § 18.2-53.1 must run consecutive to one another. *Brown*, 733 S.E.2d at 641–42. Lewis argues that the decision in *Brown* "made the issues presented in this petition cognizable," and "[o]ut of respect to 'Stare Decisis' . . . it would have been unreasonable . . . to have argued my position until a different opinion surfaced, as it did in *Brown*." ECF No. 1 at 9, 12. A petitioner may be entitled to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B) if the State created an impediment to filing a petition in violation of the Constitution or laws of the United States. The issue becomes whether Virginia law prior to *Brown* was an "impediment" to Lewis filing his petition such that Lewis is entitled to a belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B).

The Fourth Circuit addressed this issue and found a petitioner similarly situated to Lewis was not entitled to a belated commencement of the federal statute of limitations. *See Minter v. Beck*, 230 F.3d 663, 665–66 (4th Cir. 2000); *see also Cross v. Gilmore*, 164 F. Supp. 3d 818, 821–22 (E.D. Va. 2016) (citing *Minter* and finding a change in the law did not entitle petitioner to belated commencement of the statute of limitations under section 2244(d)(1)(B)). In *Minter*, the petitioner was prosecuted and punished first under the North Carolina Controlled Substance Tax, then under North Carolina drug trafficking laws. *Minter*, 230 F.3d at 663–64. North Carolina precedent held that the North Carolina Controlled Substance Tax did not impose a criminal penalty for purposes of the Double Jeopardy Clause. *Id.* at 666. Four years after Minter's convictions, the

4

Fourth Circuit found the tax did impose a criminal penalty for purposes of the Double Jeopardy Clause. *Id.*; *see Lynn v. West*, 134 F.3d 582, 588 (4th Cir. 1998). Minter filed a federal habeas petition arguing his petition was timely because his claim would have been futile before the decision in *Lynn*. *Minter*, 230 F.3d at 666. The Fourth Circuit found that a qualifying impediment under section 2244(d)(1)(B) must *prevent* a petitioner from filing a petition. *Id.* The court reasoned, even though controlling case law may have prevented the court from granting Minter relief, he was not prevented from filing the petition. *Id.* Accordingly, the Fourth Circuit found section 2244(d)(1)(B) did not apply and Minter's petition was untimely. *Id.*

Similarly, Virginia case law holding that multiple sentences for violations of Va. Code § 18.2-53.1 must run consecutive to one another, did not constitute an impediment to Lewis filing a habeas petition. "[A]t most, the case law may have meant that his effort in obtaining habeas relief in state court would have been futile. Such futility, however, is not a valid justification for filing an untimely § 2254 petition." *Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (collecting cases and holding that a "change of law," does not restart the limitations period for filing motions pursuant to 28 U.S.C. § 2255).[2] Consequently, Lewis is not entitled to a belated commencement of the federal statute of limitations based on the change in Virginia law when the Supreme Court of Virginia decided *Brown*.

C.  **Statutory tolling does not apply to extend Lewis' limitations period.**

Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[2] The Court notes that *Brown* was decided on November 1, 2012, and Lewis did not sign his federal petition until February 28, 2019. Accordingly, even if Lewis was entitled to belated commencement of the limitations period, his petition would remain untimely.

5

pending shall not be counted toward any period of limitation under this subsection." "Properly filed" means that the petitioner complied with state filing conditions, such as time limits to file the petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (explaining that an "application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which "usually prescribe . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). In addition, while properly filing a petition for a writ of habeas corpus in state court tolls the federal limitations period, it does not restart the one-year period. *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

Lewis did not file his state habeas petition until June 3, 2015, over eleven years after his federal limitations period expired under section 2244(d)(1)(A). Therefore, the state petition for collateral relief did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Minter*, 230 F.3d at 665–66. In addition, Lewis' state habeas petition, which was denied as untimely, was not "properly filed," and cannot toll the federal limitations period. *See Pace*, 544 U.S. at 417. Accordingly, statutory tolling does not apply to Lewis' federal limitations period.

**D.      Lewis is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Lewis' only argument for equitable tolling is that his claims are based on *Brown*, which was not available in his prison law library until 2014. ECF No. 1 at 12. As discussed above, Lewis

6

is not entitled to a belated commencement of the federal limitations period based on the new Virginia law established in *Brown*. Therefore, Lewis has not established "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is not proper in this case.

In addition, Lewis specifically stated that he is not alleging that he is actually innocent of the underlying offense. ECF No. 1 at 7. Accordingly, the actual innocence exception does not apply to allow the Court to address his petition that is barred by the federal statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (recognizing that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring claims raised after the statute of limitations expired).[3]

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[3] Although Lewis does not cite *Martinez*, the Court notes that the rule excusing the procedural default of ineffective assistance of trial counsel claims created by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not create a basis for equitably tolling the federal habeas limitations period. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period."); *Proctor v. Dir., Dep't of Corr.*, No. 7:11cv00202, 2018 WL 6571215, at *3 (W.D. Va. Dec. 13, 2018) (finding *Martinez* created no basis for tolling the federal habeas limitations period); *Wilson v. Perry*, No. 1:14cv576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases agreeing with *Thomas*).

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 5, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

> Marquez Levelle Lewis, #1142595
> Sussex II State Prison
> 24427 Musselwhite Dr.
> Waverly, VA 23891

Fernando Galindo, Clerk

By _____
Deputy Clerk

December 6, 2019

9